Stockwell *v.* David.

## STOCKWELL *et al. v.* DAVID.

Under the constitution, a proceeding in chancery can be brought to the supreme court only by appeal, under which the facts and the law of the cause will be fully reviewed and re-adjudicated.

ERROR, *to Des Moines District Court.*

*M. D. Browning,* for the plaintiffs in error.

*David Rorer,* for the defendant, moved the court to dismiss the writ of error on the ground that it will not lie in a case in chancery, but should come up by appeal : 6th article of constitution, section 3d.

An appeal removes a cause entirely, subjecting the facts as well as the law to a review and new trial. It has its origin from the civil law ; but a writ of error is of common law origin, and removes nothing for examination but the law. *Wiscart* v. *Dauchy,* 3 Dall., 321, 327 ; 1 Cond, 146 ; 3 Story, on the Constitution, 627, 628 ; Howard's U. S., 63.

*Opinion by* KINNEY, J.    A motion is made in this case by the counsel for defendant in error, to dismiss the writ of error ; for the cause, that this being a chancery case, a writ of error will not lie to this court.

The third section of the sixth article of the constitution provides, that the supreme court shall have appellate jurisdiction only in all cases in chancery, and shall constitute a court for the correction of errors at law.

The constitution has clearly defined the jurisdiction of this court, giving it upon the one side appellate jurisdiction in all cases in chancery, and constituting it, upon the other, a court for the correction of errors at law.

Although the constitution does not expressly forbid the supreme court from taking jurisdiction in chancery cases in any other way except by appeal ; yet it was evidently the intention of the constitution, in prescribing the powers of this court, to confine its jurisdiction, in chancery cases, exclusively to appeals, and to the correction of errors in cases at law.

By an appeal, the whole case can be examined and tried as if it had not been tried before ; but on writ of error, only those questions of law which appear of record.

An appeal revises not only the errors of the inferior court, but also reviews the merits of the case.

As, then, an appeal secures to the party all the benefits of a writ of error, as well as a hearing upon the merits, and as the constitution has constituted this court an appellate court in chancery, and a court of errors at law, we are of the opinion that the proper and constitutional remedy in chancery is by appeal, and that a writ of error will not lie in a chancery case to this court.

The writ of error will therefore be dismissed.

Motion granted.